IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SUSAN CASSIDY, AS NEXT FRIEND OF ERNEST CASSIDY;<br>*Plaintiff* | §<br>§<br>§<br>§ | |
| -vs- | § | SA-22-CV-00652-XR |
| UNITED STATES OF AMERICA, SAN ANTONIO GREENBAY, LLC,<br>*Defendants* | §<br>§<br>§<br>§<br>§ | |

**ORDER**

On this date, the Court considered the Department of Veteran Affairs' motion to dismiss this case for failure to properly serve the Department with process (ECF No. 18), Plaintiff's response and motion for entry of default and leave to file a Second Amended Complaint (ECF No. 21), and the Department's response to Plaintiff's motion (ECF No. 23). After careful consideration, the Court issues the following order.

**BACKGROUND**

Plaintiff Susan Cassidy, as next friend of Ernest Cassidy, filed her original complaint in this Court on June 23, 2022, asserting a premises liability claim against the Department of Veteran Affairs (the "Department" or the "VA") for injuries that Mr. Cassidy suffered on July 20, 2021, when he was struck by the automatic doors as he exited the VA Clinic located at 8410 Datapoint Drive in San Antonio, Texas. *See id.*

On October 3, 2022, the Court issued a show cause order, noting that there was no record that the Department had been served, despite the expiration of the 90-day time period for service under Federal Rule of Civil Procedure Rule 4(m). ECF No. 4. Thereafter, Plaintiff filed an advisory representing that the Department had been properly served, ECF No. 6, along with an affidavit of

service, indicating that, on August 19, 2022, Plaintiff's process server had sent copies of the summons and complaint via certified mail, return receipt requested, to the Attorney General of the United States and the United States Attorney's Office, ECF No. 5.

In response, the VA filed a "Notice Regarding Defective Service" on October 26, 2022, outlining the steps for service on the VA under Rule 4(i), which governs the serving process on the United States, its agencies, corporation, officers, or employees. ECF No. 7. When the plaintiff names an officer or Agency of the United States as a defendant, they must serve both the United States in accordance with Rule 4(i)(1) and the Agency in accordance with Rule 4(i)(2). *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444 (1996). Under the requirements of Rule 4(i)(1), service upon the United States is effected by serving a copy of the summons and complaint to both the United States Attorney for the district where the action is brought, and by registered or certified mail, to the Attorney General of the United States. FED. R. CIV. P. 4(i)(1).

After consulting with the VA and conducting further research, Plaintiff's counsel determined that the United States, rather than the VA, was the proper defendant in this action. Plaintiff sought leave to file her First Amended Complaint ("FAC"), dropping her claim against the VA and instead joining and asserting claims against the United States of America ("the Government") and San Antonio Greenbay, LLC—the incorrectly named landowner of the premises leased by the VA where Mr. Cassidy was injured—as defendants. *See* ECF No. 8; ECF No. 14 (Answer filed by San Antonio Greenbay, L.C. ("Greenbay"), indicating that it had been incorrectly named as "San Antonio Greenbay, LLC" in the FAC). The Court granted the motion, and the FAC was filed on December 5, 2022. *See* Text Order dated Dec. 3, 2022; ECF No. 9.

As filed, however, the FAC contains several references to the VA as a defendant. *See* ECF No. 9 at 1. The caption names neither the United States nor Greenbay as defendants, instead

identifying the Department of Veteran Affairs as the only defendant. *Id.* Further, the opening sentence asserts that Plaintiff "complains of Defendant Department of Veteran Affairs (hereinafter, 'Defendant Department')[.]" *Id.* Plaintiff requested and was issued a single summons addressed to both the Attorney General of the United States and the United States Attorney's Office. *See* ECF No. 11. The caption included on the summons also listed the VA as the only defendant to the case, although the summons itself is directed to the United States as a Defendant. *See id.*

Plaintiff's process server sent a copy of the summons and the FAC to both the United States Attorney for the Western District of Texas, and by registered or certified mail, to the Attorney General of the United States. *See* ECF No. 16 (affidavit of service on the local United States Attorney); ECF No. 17 (affidavit of service on the Attorney General).[1] The process server's affidavit of service on the United States Attorney, dated February 16, 2023, notes that, while the tracking information indicated that the mail was still "Moving Through Network" on February 7, the "green card was returned signed as of 2/16/2023." *See* ECF No. 16 at 3; *see also id.* at 4 (tracking information showing delivery in progress and undated green card signed by unidentified agent of the United States Attorney). The tracking information attached to the affidavit of service on the Attorney General indicates a delivery date of February 8, 2023. *See* ECF No. 17-1 at 4 (tracking information showing delivery but no green card). Citing the affidavits of service, Plaintiff asserts that, "[b]y February 16, 2023, the summons and Amended Complaint were served upon Defendant United States via the United States Attorney in the district where this action is brought and the Attorney General of the United States in accordance with Fed. R. Civ. P 4(i)(1)." ECF No. 21 at 4.

---

[1] Although the process server's affidavit of service states that he mailed a copy of the summons and the FAC on December 21, 2022, the tracking history attached to the affidavit suggests that they were mailed on February 1, 2022—the same date that the service documents were mailed to the local United States Attorney. *Compare* ECF No. 17 at 1, *with* ECF No. 17-1 at 4–5.

On April 21, 2023, Defendant filed a motion to dismiss the FAC without prejudice under Rule 12(b)(5) due to improper service, noting that Plaintiff had again failed to serve the VA in accordance with the requirements of Rule 4(i)(1). ECF No. 18. Plaintiff then filed a Notice of Errata, asserting that the opening paragraph of the FAC was a typographical error and that, by filing the FAC, Plaintiff had intended to dismiss the VA from the action entirely. ECF No. 19.

Plaintiff thus maintains that the VA has already been dismissed from this action and that the only proper Defendants—Greenbay and the United States—have been served. ECF No. 21 at 10. Greenbay filed its answer on January 5, 2023. ECF No. 14. Plaintiff asserts that, although its answer was due on April 17, 2023, the United States has not filed an answer or otherwise responded to Plaintiff's complaint or requested an extension of time to do so. ECF No. 21 at 4. Accordingly, Plaintiff now moves for entry of default against the United States or, in the alternative, an extension of time to perfect service on the United States and seeks leave to file a second amended complaint. *Id.* at 11–15.

## DISCUSSION

**I.   Defendant's Rule 12(b)(5) Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). The serving party carries the burden of showing service was proper if challenged. *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

Federal district courts lack personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Johnson v. Wormuth*, No. 1:21-CV-00831-LY, 2022 WL 2873479 (W.D. Tex. July 21, 2022) (citing *Omni Cap. Int'l, Ltd v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Rule 4(c) of the

Federal Rules of Civil Procedure provides in pertinent part: "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1).

The FTCA provides a limited waiver of the United States' sovereign immunity and does not authorize lawsuits against federal agencies. *See* 28 U.S.C. § 2679(a); *see also Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). Despite the clerical errors in the FAC and the caption of the Summons, Plaintiff substituted the United States for the VA as the proper governmental Defendant in this matter when she filed the FAC on December 5, 2022, resulting in the dismissal of the VA from this action. ECF No. 9.

Because the VA was effectively dismissed from this case on December 5, 2022, its motion to dismiss (ECF No. 18) is **DENIED AS MOOT**.

**II.     Plaintiff's Motion for Leave to File a Second Amended Complaint**

In the interest of clarity, the Court grants Plaintiff leave to file a Second Amended Complaint to cure the typographical errors identified in the FAC, including both the stray references to the VA as a defendant and the error in Greenbay's name. The Court notes, however, that the caption of the proposed Second Amended Complaint attached to Plaintiff's motion still identifies the "Department of Veteran Affairs" as the sole Defendant. *See* ECF No. 21-5 at 2. Before filing, the caption to the Second Amended Complaint should be revised to reflect the actual Defendants to this matter—the United States and San Antonio Greenbay, L.C.

### III.     Plaintiff's Motion for Entry of Default

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant targeted for default must have been served with legal process under Rule 4 in order to be held accountable for failing to answer the complaint. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). Absent proper service of process, the Court lacks jurisdiction over the defendant. *Id.*

Under Rule 4(i)(1), service on the United States is effected by serving a copy of the summons and complaint to both the United States Attorney for the district where the action is brought, and by registered or certified mail, to the Attorney General of the United States. FED. R. CIV. P. 4(i)(1)(A)–(B). The local United States Attorney can be served by personally delivering the service documents to one of a number of designated agents <u>or</u> by registered or certified mail to <u>the civil-process clerk</u> at the United States Attorney's office.[2] Service by "registered or certified mail" generally requires not only that service be sent via certified mail, but that the recipient sign the certified-mail return receipt. *See Fuqua v. Turner*, 996 F.3d 1140, 1155 (11th Cir. 2021) (affirming invalidity of service upon Attorney General when return receipt was not signed); *Olsen v. Mapes*, 333 F.3d 1199, 1202–03 (10th Cir. 2003) (plaintiff failed to produce signed return receipts).

While the signed green card attached to the affidavit of service on the United States Attorney was not dated—and did not include the printed name of the agent who signed it—the Government's motion to dismiss acknowledges that the local United States Attorney was served

---

[2] The current civil-process clerk for the United States Attorney for the Western District of Texas is Stephanie Rico. *See* Amended Designation of Agents for Service of Process (Feb. 6, 2023), https://www.txwd.uscourts.gov/wp-content/uploads/For%20Attorneys/AmendedDesignationofAgentsforServiceofProcess.pdf.

on February 6, 2023. *See* ECF No. 18 at 2. The VA further represented, however, that, as of April 21, 2023, the Attorney General had not been served. *See id.* Indeed, although the tracking information attached to the affidavit of service indicates that delivery occurred on February 8, *see* ECF No. 17-1 at 4, Plaintiff's failure to submit a signed return receipt in connection with her service on the Attorney General renders the service defective. *See Fuqua*, 996 F.3d at 1155; *Olsen*, 333 F.3d at 1202–03.

Because Plaintiff has failed to properly serve the United States with process pursuant to Rule 4(i) for the Federal Rules of Civil Procedure, Plaintiff's motion for entry of default is **DENIED**.[3]

### IV.   Plaintiff's Motion for an Extension of Time to Serve the United States

In the alternative to her motion for entry of default, Plaintiff seeks an extension of time in which to serve the United States. See ECF No. 21 at 12–15.

Under Rule 4(m), when a plaintiff fails to serve a defendant within the 90–day period, the Court has two choices: either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "The next portion of the rule qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause." *Id.* If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. *Id.*

---

[3] Even assuming that Plaintiff's service on the United States was sufficient, the Court would decline to enter default because it would serve no purpose at this juncture. Given the Court's order directing Plaintiff to file a Second Amended Complaint curing the clerical errors in the FAC, any default would be short-lived. Further, in light of the irregularities in the FAC, the Court would readily grant the Government's motion to set aside the default. *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) ("[D]istrict courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense."). There is no prejudice where, as here, setting aside an entry of default would do no harm to a plaintiff except to require her to prove her case. *See Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) ("Federal courts generally disfavor default judgments, preferring to resolve disputes according to their merits.").

Thus, even when good cause is lacking, the Court decides whether to exercise its discretion to extend the time for service.

An extension of time may be warranted, where, as here, "the applicable statute of limitations would bar the refiled action[.]" FED. R. CIV. P. 4(m) advisory committee's note (1993). When a dismissal in its entirety would preclude further litigation of the case due to the expiration of the statute of limitations, the dismissal operates as a dismissal with prejudice. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 554 (5th Cir. 1981). A dismissal with prejudice is an extreme sanction that deprives the litigant of an opportunity to litigate his claim. *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). Consequently, when the applicable statute of limitations bars or arguably bars refiling, dismissal is appropriate only when (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the court determines that lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed but proved to be futile. *Id.* at 1519–21. A clear record of delay is found when there have been significant periods of total inactivity. *Berry v. Cigna/RSI Cigna*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992); *see also Bullard v. Burlington N. & Santa Fe. Ry. Co.*, 368 F. App'x 574, *7 (5th Cir. 2010) ("We have "recognized that 'delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'"). Contumacious conduct is a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).

Moreover, the Advisory Committee Notes to Rule 4(m) specify that Rule 4(i)(4) provides "[a] specific instance of good cause" for failure to serve a defendant within 90 days due to "oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations." *Id.* Rule 4(i)(4) mandates that the Court "allow

8

a party a reasonable time to cure its failure to serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States." FED. R. CIV. P. 4(i)(4); *see, e.g.*, *Cole v. Shinseki*, No. 12-2969-STA-TMP, 2013 WL 2289257, at *3 (W.D. Tenn. May 23, 2013) ("Having concluded that Plaintiff served the U.S. Attorney in a timely manner, the Court finds good cause under Rule 4(m) and 4(i)(4) to allow Plaintiff a reasonable time to cure her failure to serve Secretary Shinseki and the Department of Veterans Affairs.").

Although the time for service under Rule 4(m) has long expired, Plaintiff's oversight in complying with multiple service under Rule 4(i) constitutes good cause for failure to timely serve the United States. FED. R. CIV. P. 4(m) advisory committee's note (1993). Because she has served the local United States Attorney, the Court will allow Plaintiff a reasonable extension of time to cure her failure to serve the Attorney General. *See* FED. R. CIV. P. 4(i)(4); *Cole*, 2013 WL 2289257, at *3. Even without good cause, the Court would exercise its discretion to extend the time for service in order to preserve Plaintiff's claim against the United States, which would otherwise be barred by the statute of limitations. FED. R. CIV. P. 4(m) advisory committee's note (1993). Plaintiff's error in failing to perfect service on the United States does not evince a "stubborn resistance to authority" and the resulting delay in these proceedings does not warrant dismissal with prejudice. *Callip*, 757 F.2d at 1519–21; *McNeal*, 842 F.2d at 792. In light of the Court's order granting Plaintiff leave to file a Second Amended Complaint, the Government has not been prejudiced by Plaintiff's failure to effect service of the FAC on the United States.

Accordingly, Plaintiff's motion to extend the time for service on the United States in accordance with the requirements of Rule 4(i) is **GRANTED**. Plaintiff shall file proof of service on the United States **within 30 days** of the filing of the Second Amended Complaint.

## CONCLUSION

The Clerk of Court is **DIRECTED** to terminate the Department of Veteran Affairs as a party to this case, effective as of December 5, 2022.

Given the Department's dismissal from this action, its motion to dismiss for improper service (ECF No. 18) is **DENIED AS MOOT**.

Plaintiff's motion for entry of default and for leave to file a Second Amended Complaint (ECF No. 21) is **DENIED IN PART and GRANTED IN PART**. In light of the defects in service of process, the motion for entry of default is **DENIED**.

The motion for leave to file a Second Amended Complaint is **GRANTED**, but Plaintiff should <u>not</u> file the proposed Second Amended Complaint attached to her motion because of the error in the caption. Plaintiff is **DIRECTED** to file a Second Amended Complaint **by no later than June 22, 2023**. The caption of the Second Amended Complaint should clearly reflect the dismissal of the VA from this action and the joinder of the United States of America and San Antonio Greenbay, L.C. as Defendants.

Finally, the Court **GRANTS** Plaintiff an extension of time to serve the United States with process in accordance with the requirements of Rule 4(i). Plaintiff shall file proof of service on the United States **within 30 days** of the filing of the Second Amended Complaint.

It is **SO ORDERED**.

SIGNED this 15th day of June, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE