**IN THE UNITED STATES
DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| SUSAN CASSIDY, NEXT FRIEND | § | |
| *OF ERNEST CASSIDY* | § | |
|  Plaintiff, | § | |
| | § | |
| v. | § | SA-22-CV-00652-XR |
| | § | |
| DEPARTMENT OF VETERAN | § | |
| AFFAIRS | § | |
| *Defendant.* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT UNITED STATES' MOTION TO DIMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff files this Response to Defendant United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and would respectfully the show the following:

<u>**BACKGROUND**</u>

1.      This case arises out injuries Ernest Cassidy sustained as a result of a fall that occurred at the Data Point VA Clinic on July 20, 2021, and is brought pursuant Federal Tort Claims Act, 28 U.S.C.S. §§ 1346(b), 2671 et seq and the common law of the State of Texas concerning premises liability. The Data Point VA Clinic is an outpatient clinic operated by the Veterans Administration that provides health services for, among other things, audiology and speech. Plaintiff's live complaint alleges that Ernest Cassidy, who was using a walker at the time of the incident, was an invitee of the Defendant who suffered injuries when a set of automatic doors closed on him and caused him to fall. The complains asserts that "defendants, as occupiers and/or owners of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make the defective condition existing on Defendants' premises safe," and

1

"Defendants are liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

    a.   Failure to maintain the premises, including doors, floor, and walkways in a reasonably safe condition;

    b.   Failure to inspect the premises where the dangerous condition existed;

    c.   Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

    d.   Failure to inform Plaintiff of the dangerous condition existing on the premises; and

    e.   Other acts deemed negligent."

    2.    On September 18, 2023, Defendant United States filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction, alleging that the United States "did not own or otherwise control the property where Plaintiffs [sic] allege the injury occurred" and that the Court is deprived of subject matter jurisdiction "because the owner was a contractor of the United Sates" whose tortious conduct does not subject the United States to liability. In support of its motion, Defendant United States attached a lease agreement that indicates that at the time of the incident the premises in question was leased to the United States by lessor/owner San Antonio Greenbay, LLC "to have and to hold"[1] for the term set forth in the lease. The lease also assigned certain responsibilities to the lessor San Antonio Greenbay, LLC as follows:  (1) "Lessor shall maintain the Property, including the building, building systems, and all equipment, fixtures, and appurtenances furnished by the Lessor under this Lease, in good repair and tenantable condition,"[2] (2) "Lessor shall maintain the premises in a safe and healthful condition according to applicable OSHA standards,"[3]

---

[1] Dkt. 29-1 at p. 1.
[2] Dkt. 29-1, Section 2.16.
[3] Dkt. 29-1, Section 2.16.

(3) "[t]he Lessor shall provide and operate all Building equipment and systems in accordance with applicable technical publications, manuals, and standard procedures"[4] and "(4) Lessor is responsible for the total maintenance and repair of the leased Premises, including the site and private access roads."[5]

3.       The lease further provides that "the Government shall have the right during the existence of this lease to make alterations, attach fixtures, and erect structures or signs in or upon the premises hereby leased, which fixtures, additions or structures so placed in, on, upon, or attached to the said premises shall be and remain the property of the Government and may be removed or otherwise disposed of by the Government,"[6] and "…the Government shall have the right to tie into or make any physical connection with any structure located on the property as is reasonably necessary for appropriate utilization of the leased space."[7] Additionally, the lease agreement states that "the Government shall have the right, at any time after the Lease is signed and during the term of the Lease, to inspect all areas of the Property to which access is necessary"[8] and  that the Government may "at its sole option… abandon property in the Space following expiration or earlier termination (full or partial} of the Lease, in which case the property will become the property of the Lessor, and the Government will be relieved of any liability in connection therewith."[9]

4.       The United States's motion contends the terms of the lease agreement are such that San Antonio Greenbay was required "to maintain and operate the building in a safe and usable

---

[4] Dkt. 29-1, Section 3.24.
[5] Dkt. 29-1, Section 6.09.
[6] Dkt. 29-1, Section 15.
[7] *Id.*
[8] Dkt. 29-1, Section 2.16
[9] See Dkt. 29-1, Section 2.04.

condition," and thus "to the extent there may, or may not, have been a malfunction of the facilities' doors on or about July 20, 2021, the United States, or its agency, was not responsible for such pursuant to contract." The motion for further asserts that the United Sates cannot be held liable for the tort of its contractor.

5.    Plaintiff now files this response in opposition to Defendant United States Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## APPLICABLE STANDARDS

6.    When challenging subject matter jurisdiction under Rule 12(b)(1), a party can make a facial attack or a factual attack.[10] A facial challenge occurs "when a party files a Rule 12(b)(1) motion without including evidence."[11] A factual challenge, by contrast, occurs when a party supports its Rule 12(b)(1) motion with evidence.[12]

7.    When a party challenges subject matter jurisdiction, the court is given the authority to resolve factual disputes, along with the discretion to devise a method for making a determination with regard to the jurisdictional issue.[13] The court's authority to consider evidence presented beyond the pleadings allows it to devise a procedure which may include considering affidavits, allowing further discovery, hearing oral testimony, conducting an evidentiary hearing.[14]

8.    Generally, an owner or occupier of property has a duty to keep the premises under its control in a safe condition,[15] i.e. "a duty to make safe or warn against any concealed,

---

[10] *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981).
[11] *Id.*
[12] *Id.*
[13] *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172.
[14] *Id.*
[15] United Scaffolding, Inc. v. Levine, 537 S.W.3d 463, 473.

unreasonably dangerous conditions of which [it] is, or reasonably should be, aware but the invitee is not." [16]

9.      Generally, landlord (lessor) owes no duty to a tenant (lessee) or a tenant's invitees for dangerous conditions on leased property.[17]  "This general rule stems from the notion that a lessor relinquishes possession or occupancy of the premises to the lessee."[18]

10.     There are several exceptions to this general rule, including an exception for injuries caused by defects on the premises that remain under the lessor's control. *Id.* "The relevant inquiry is whether the defendant assumed sufficient control over the part of the premises that presented the alleged danger so that the defendant had the responsibility to remedy it."[19]

11.     The duty to make the premises safe or warn of dangerous conditions "generally runs with the ownership or control of the property,"[20] i.e. a defendant's liability under a premises liability theory rests on the defendant's assumption of control of the premises and responsibility for dangerous conditions on it.[21]

12.     Third parties, such as the owner's contractors or servants, may share that duty while they control the property, but…the duty of these third parties is not necessarily co-extensive with that of the property owner…"[22]

[16] Austin v. Kroger Tex., L.P., 465 S.W.3d 193, 203.
[17] *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 296 (Tex. 2004).
[18] *Johnson Cty. Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996).
[19] *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002).
[20] *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644.
[21] *United Scaffolding, Inc. v. Levine, 537 S.W.3d 463, 474 (Tex. 2017).*
[22] *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 647.

13.     Where "a [premises liability Defendant] undertakes joint control with his contractor… he may be held responsible, as a joint tortfeasor, to an injured [party]…even though his control   is not exclusive."[23]

14.     "Control can be proven by either a contractual agreement expressly assigning the right of control or an actual exercise of control."[24]

15.     A premises liability defendant may be subject to liability if it has a right to control the premises, which "may be expressed by contract or implied by conduct." *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 214 (Tex. 2008) (citations omitted). "

16.     Under certain circumstances even one not in control of the property at the time of the injury may owe a duty to make the premises safe. *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 54. For example, "one who agrees to make safe a known dangerous condition of real property owes a duty of due care," and "a person who creates a dangerous condition owes the same duty. *Id.* (citations omitted).

## ARGUMENT

17.     This Court has jurisdiction over Plaintiff's claims against the United States because Plaintiff's claims are for personal injury caused by the negligent or wrongful action of omission of employees of the government under circumstances where the United States, if a private person, would be liable to the claim in in accordance with the law of the places where the acts or omission occurred i.e. circumstances where notwithstanding the assignment of certain responsibilities to San Antonio Greenbay, LLC under the relevant lease agreement, the United States had a right of control over the premises and the dangerous condition at issue. The Federal Tort Claim Act grants

---

[23] *Shell Oil Co. v. Waxler*, 652 S.W.2d 454, 457-458
[24]*City of Hidalgo v. Hodge*, 2018 Tex. App. LEXIS 519, *5-6.

federal district courts "exclusive jurisdiction" over those claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. "[25] Here, Plaintiff has asserted a personal injury claim against the United States under the Texas common law theory of premises liability under which owner or occupier of property has a duty to keep the premises under its control in a safe condition,[26] i.e. "a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which [it] is, or reasonably should be, aware but the invitee is not."[27] The claim against the United Stats is for acts/omissions of the government that occurred in the State of Texas and the lease agreement produced by Defendant United States establishes that Defendant United States, as lessee and occupier of the premises, had control over the premise and could if it were a private person, be held liable for Plaintiff's damages under the Texas common law theory of premises liability. The Court therefore has jurisdiction over Plaintiff's claims against the United States pursuant to the Federal Tot Claims Act, and the Court should deny Defendant's motion to dismiss.

18.    Defendant United States argues that this Court does not have jurisdiction over Plaintiff's claims against the United States because the United States has not waived sovereign immunity for the tortious conduct of its contractor and the terms of the lease are such that only the lessor/contractor (not Defendant United States), had control over the premises or any duty with respect the dangerous condition at issue. According to Defendant United States, "[t]he Lease

---

[25] 28 U.S.C.S. § 1346(b)(1).
[26] *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 473.
[27] Austin v. Kroger Tex., L.P., 465 S.W.3d 193, 203.

Contract clearly contemplates that the owner of the property retained the duty to maintain the leased property and make all necessary repairs to ensure the proper function the facilities to include the operation of the doors." However, Defendant's argument fails because (1) Plaintiff's claims against the United Sates are not based on the possibly tortious conduct of its contractor/lessor[28] and (2) nothing in the lease agreement, including the provisions assigning certain responsibilities to San Antonio Greenbay LLC, amounts to general assignment of the duty to maintain premises in a safe condition to the lessor or an assignment of exclusive control over the dangerous condition at issue to the lessor, and thus Defendant United States may still be held liable for its failure to keep the premises in a reasonably safe condition.

19.    As set forth in the background section of this brief, Plaintiff's claims against the United States are not based on San Antonio Greenbay's negligent performance/nonperformance of the duties assigned to it under the lease agreement (or any other conduct of San Antonio Greenbay LLC) but rather United States's breach of its broad duty to keep the premises under its control in a safe condition by warning or making safe an unreasonably dangerous condition of which it had actual or constructive knowledge. Although the lease assigns to the lessor a duty to "maintain the Property, including the building, building systems, and all equipment, fixtures, and appurtenances furnished by the Lessor under this Lease, in good repair and tenantable condition," a duty to "maintain the premises in a safe and healthful condition according to applicable OSHA standards," and a duty to "provide and operate all Building equipment and systems in accordance with applicable technical publications, manuals, and standard procedures" none of these provisions constitute an a general assignment of control over the premises or the dangerous condition at issue

---

[28] Although, as Defendant admits in its brief, the United States could be liable for the conduct of the lessor if evidence showed that the United States exercised control over the details of its work.

to the lessor and none of these provisions relieves the U.S. of the duty it owes generally to invitees, as occupant of the leased premises with control over the premises, to warn or make safe unreasonably dangerous condition of which it has actual or constructive knowledge.

20.     Although not defined in the lease agreement, Texas Courts have, consistent with the Oxford English Dictionary definition, interpreted the term "tenantable" to simply mean "suitable for occupation."[29] The lessor's duty to maintain the premises in a condition suitable for occupation along with its duty to maintain the automatic doors "in good repair" does not deprive the United States of control over the premises or the dangerous condition at issue and would not relieve the United States of its duty to warn or make safe a known danger posed by the automatic doors which it might properly discharge by means other than repair/maintenance, e.g. posting a warning sign. The same is true of the other provisions cited by the Defendant: neither lessor's obligation to "maintain the premises in accordance OSHA standards," nor its obligation to "operate all Building equipment[30] and systems in accordance with applicable technical publications, manuals, and standard procedures," constitutes a complete assignment of the right of control over the premises or the dangerous condition at issue and the assignment of those specific responsibilities to the lessor, San Antonio Greenbay, does not relieve the United States of its duty to keep the premises in a reasonably safe condition. Even the provision that makes Lessor responsible for "the total maintenance and repair of the leased Premise," though broad, is not as broad as the duty keep the premises in a reasonably safe condition and would not relive the United Staes of its duty since latter duty encompasses far more than the duty to perform maintenance and repairs.

---

[29] *See Jackson v. Amador*, 75 S.W.2d 892, 893; *Archibald v. Fidelity Title & Trust Co*., 296 S.W. 680, 682.

[30] The lease does not define "building equipment," and it is not at all clear that

21.    It should be noted that there is no language in the lease agreement that explicitly makes the lessor, Greenbay LLC *exclusively* responsible for the maintenance and repair duties assigned to it under the lease. However, even if lease agreement is construed as conferring upon the Lessor the *exclusive* right and responsibility for performing the duties assigned to it under the lease, e.g. the duty to maintain automatic door in "good repair" and the duty to maintain the premises generally in "tenantable condition," the assignment of these duties would not relieve the United States of its duty as occupier of the premises control over the premises, to warn about or make safe a known danger posed by the automatic doors through such reasonable and prudent actions as placing a warning sign, removing a physical obstruction within its control that is causing the door to malfunction, or shutting off the doors automatic function when it has become unreasonably dangerous, timely reporting the issue to lessor for repair etc. Defendant's motion erroneously presumes that the sole proximate cause of Plaintiff's injuries and the danger at issue is the failure to repair a latent defect in the automatic doors and that the only way to exercise control over such a dangerous condition is through the performance of maintenance and repairs. However, it is not known at this stage of the litigation what exactly led to the malfunctioning of the automatic door, e.g. whether it was the failure of the internal component of the automatic door or some external cause squarely within the control of the United States (such as the aforementioned physical obstruction in the walkway), the United States would in any event have sufficient control over the premises to, at the very least, *warn* of a known dangerous condition related to the automatic doors, and again Plaintiff's claim against the United States are not narrowly predicated upon the negligent failure to maintain the doors in good repair or negligent performance/nonperformance any other specific obligation assigned to Lessor under the lease agreement.

22.     For all of the reason states in foregoing paragraphs, Plaintiff contends that the lease agreement produced by Defendant along with Plaintiff's pleading amply establishes that the United States had control over the subject premises and that this Court therefore has jurisdiction over Plaintiff's claims. However, if the Court is not satisfied based on the evidence already provided that it has jurisdiction over Plaintiff's claims against the United States, then the Court should exercise its authority to allow discovery concerning the jurisdictional facts at issue, including the extent of the lessor/lessee's right of control under the lease agreement, the extent to which each of them may or may not have exercised *actual* control over subject premises, and the extent to which the United Stats may have supervised the lessor's work. To extent that the lease agreement can be construed as shifting some degree of control over the condition at issue from the United States to its lessor, San Antonio Greenbay, LLC, the exact division of responsibility/control established by the lease agreement is, at best, uncertain and ambiguous, and Plaintiff's complaint does allege that Defendant United States had control over the subject premises such that it retained a duty to warn or make safe a dangerous conditions of which it had actual or constructive knowledge. Defendant United States just served a response to Plaintiff's complaint in accordance with Fed. R. Civ. P. 12 (a)(2), and the Court has ordered the parties to confer on a discovery control plan, and no discovery has been conducted in this case. To the extent that the Court would require Plaintiff to marshal further evidence to prove that the Court has jurisdiction, time is needed for Plaintiff to conduct discovery and gather such evidence.

## **PRAYER**

Wherefore, premises considered, Plaintiff respectfully requests that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction be denied along with such further and other relief to which she may be entitled at law or equity.

Respectfully submitted,


**DASPIT LAW FIRM**


_/s/ Michael H. Garatoni_
Michael H. Garatoni
Texas State Bar No. 24089685
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 2, 2023, the above and foregoing document was filed with the Clerk of the Court using the CM/ECF system, and that this instrument is therefore available for viewing and downloading from the Court's ECF system.

I further certify that on October 2, 2023, pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, the above document was served on all Counsel of record via email.

<u>Via CM/ECF:</u>
Clayton Diedrichs
Assistant United States Attorney
Colorado Bar No. 16833
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7310 (phone)
(210) 384-7312 (fax)
Clayton.Diedrichs@usdoj.gov
Attorney for Department of Veteran Affairs

Philip C. Snyder
State Bar No. 24060630
Fountainhead Tower
8200 I.H 10 West, Suite 504
San Antonio, Texas 78230
(210) 524-9696 (Telephone)
(210) 524-9811 (Facsimile)
E-mail: philip.snyder@roystonlaw.com
E-Service: ServiceSA@roystonlaw.com
Attorney for Defendant, San Antonio Greenbay L.C.
incorrectly named as San Antonio, Greenbay, LLC

/s/ Michael H. Garatoni
Michael H. Garatoni